UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda Abel,

    Plaintiff,

v.                                     Case No. 1:14cv699

Commissioner of Social Security           Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's August 11, 2015 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 13).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 14).  The Commissioner filed a Response to those objections.  (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.  Plaintiff objects as follows: (1) the ALJ found Plaintiff had "moderate" limitations on concentration, persistence or pace, which means that she cannot perform the jobs listed by the VE; (2) the ALJ improperly weighed the opinions of Drs. Lester and Demuth; (3) the ALJ erred in finding Plaintiff can perform sedentary jobs because she

1

must be able to alternate between sitting and standing; (4) the ALJ erred in finding Plaintiff not credible because she could care for her mother; and (5) the hypotheticals to the Vocational Expert ("VE") were improper because they failed to include the "moderate" limitations found by Drs. Demuth and Lester and they did not include a work-related limitation found by Dr. Lester.

### A. "Moderate" limitations

Plaintiff explains that the ALJ found that Plaintiff has "moderate" limitations on social functioning and on concentration, persistence and pace. Plaintiff explains further that "moderate" limitation means "impaired" under the Social Security Program Operations Manual System. Plaintiff argues that the ALJ did not include this limitation or any of the specific limitations found by Dr. Demuth in the hypothetical to the VE, and therefore Plaintiff cannot perform the jobs identified by the VE because they require a certain pace set by the employer.

In *Ealy v. Comm'r of Soc. Sec.*, the ALJ relied on the VE's testimony in response to a hypothetical question that stated, in relevant part, "assume this person [is] limited to simple, repetitive tasks and instructions in non-public work settings." 594 F.3d 504, 516 (6th Cir. 2010). The Sixth Circuit noted that the ALJ credited the assessment of Dr. Scher, who specifically limited the claimant's ability to sustain attention to complete simple repetitive tasks to "[two-hour] segments over an eight-hour day where speed was not critical." *Id.* The court explained that this description of the claimant's abilities "speaks to some of the restrictions—in pace, speed, and concentration—that both Dr. Scher and the ALJ found Ealy to have." *Id.* However, the court found that:

> The ALJ's streamlined hypothetical omitted these speed- and pace-based

2

restrictions completely. The hypothetical posed by the ALJ should have included the restriction that Ealy could work two-hour work segments during an eight-hour work day, and that speed of his performance could not be critical to his job. Accordingly, Ealy's limitations were not fully conveyed to the vocational expert. *See Edwards v. Barnhart*, 383 F.Supp.2d 920, 930–31 (E.D.Mich. 2005) (hypothetical limiting claimant to "jobs entailing no more than simple, routine, unskilled work" not adequate to convey moderate limitation in ability to concentrate, persist, and keep pace) ("Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job."); *see also Whack v. Astrue*, No. 06–4917, 2008 WL 509210, at *8 (E.D.Pa. 2008) (unpublished) (citing cases for the proposition that hypothetical restrictions of "simple" or "low-stress" work do not sufficiently incorporate the claimant's medically established limitations where claimant has moderate deficiencies in concentration, persistence or pace).

*Id.* at 516-17. Therefore, the Court held that VE's conclusion that the claimant could work as an assembler, inspector, packer, or production worker could not serve as substantial evidence that the claimant could perform this work. *Id.* at 517.

Here, the ALJ asked the VE, in relevant part: "And finally I'm going to limit to simple, routine tasks with just occasional changes in the routine work setting, and just occasional interaction with public, coworkers and supervisors." (Tr. 64-65). Unlike *Ealy*, the ALJ did not expressly adopt a specific limitation which he then failed to include in his hypothetical to the VE. Instead, Plaintiff's RFC, as reformulated by the Appeals Council, states that Plaintiff "can complete simple, routine unskilled tasks with only occasional interaction with the public, coworkers, and supervisors." (Tr. 7). Moreover, in contrast to the "two-hour work segments" limitation in *Ealy*, Dr. Demuth's only found that Plaintiff had "reduced concentration" and that a schedule and stress are tolerated. (Tr. 98).

Therefore, the Magistrate Judge did not err in finding that there was substantial evidence to support the ALJ's determination that there are jobs that exist in significant

3

numbers in the national economy that Plaintiff can perform.

### B. Opinions of Drs. Lester and Demuth

Plaintiff argues that the ALJ improperly weighed the opinions of Drs. Lester and Demuth and failed to give the proper weight to the opinion of Ms. Thomas, Plaintiff's social worker.  The Magistrate Judge extensively addressed these arguments in her R&R and concluded that the RFC, as reformulated by the Appeals Council, adequately accommodates Plaintiff's mental impairments.  The Court finds no error in this conclusion.

### C. Sedentary jobs

Plaintiff argues that the ALJ erred in finding that Plaintiff can perform sedentary jobs because she must be able to alternate between sitting and standing.  The Magistrate Judge addressed this contention and concluded that it was only supported by Plaintiff's own subjective reports.  The Magistrate Judge noted that both state agency physicians found that Plaintiff was capable of performing a sedentary level of sitting and standing.  The Magistrate Judge also noted that there was no opinion evidence to the contrary, and Plaintiff has not identified any such evidence in her Objections.  Accordingly, the Court finds no error in the Magistrate Judge's R&R on this issue.

### D. Credibility

Plaintiff argues that the ALJ erred in finding Plaintiff not credible because she could care for her mother.  On this issue, the Magistrate Judge concluded that "it was reasonable for the ALJ to consider plaintiff's reported activities of daily living and her ability to take care of her mother in finding that her statements of disabling limitations were not fully credible."  (Doc. 13, PAGEID # 2713).  As the Magistrate Judge discussed

4

in more detail, the record shows that Plaintiff's reported activities of daily living are inconsistent with her reports of subjective limitations. The Magistrate Judge did not err in concluding that substantial evidence supports the ALJ's credibility determination. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, Cir. 2007). SSR 96–7p provides, in part, that "[w]hen assessing the credibility of an individual's statements, the ALJ must consider not only objective medical evidence, but also . . . The individual's daily activities." Therefore, it was proper for the ALJ to consider Plaintiff's ability to care for her mother, along with Plaintiff's other reported activities of daily living, in assessing her credibility. Accordingly, the Court finds no error in the Magistrate Judge's R&R on this issue.

### E. Hypotheticals to VE

Plaintiff argues that the hypotheticals to the VE were improper because they failed to include the "moderate" limitations found by Drs. Demuth and Lester. This argument has been addressed above. Plaintiff also argues that the hypotheticals were improper because they did not include a work-related limitation found by Dr. Lester. Plaintiff appears to argue that Dr. Lester stated that Plaintiff would miss work on a regular basis because: (1) Dr. Lester noted that when Plaintiff worked for one employer for a two-year period, she was on leave roughly half the time (Tr. 1256); and (2) Dr. Lester found Plaintiff to be a credible informant (Tr. 1259). While it may be true that Plaintiff missed work for roughly half the time she was employed in her last job, it was not Dr. Lester's opinion that Plaintiff would miss work on a regular basis. Therefore, the ALJ did not err in failing to

5

include this limitation.[1]

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 11, 2015 R&R.  The decision of the Commissioner to deny Plaintiff's application for benefits is **AFFIRMED**.  This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court

---

[1] In the second hypothetical, the ALJ did ask the VE if any job could be done on a full time, repetitive basis if someone misses three or more days per month.  (Tr. 65).  The VE responded no.  (Id.)  However, because this limitation is not supported by substantial evidence, the ALJ was not required to rely on the response to this hypothetical question.  *See Infantado v. Astrue*, 263 F. App'x 469, 476-77 (6th Cir. 2008) ("It is well established that the hypothetical questions need only incorporate, however, those limitations which the ALJ has accepted as credible.").